Margaret Rosenthal, SBN 147501
Shareef Farag, SBN 251650
Vartan S. Madoyan, SBN 279015
Nicholas D. Poper, SBN 293900
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:     310.820.8800
Facsimile:     310.820.8859
Email:         mrosenthal@bakerlaw.com
               sfarag@bakerlaw.com
               vmadoyan@bakerlaw.com
               npoper@bakerlaw.com

Attorneys for HOST INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY SMITH, individually, and on behalf of others similarly situated, | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| v. | [Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement] |
| HOST INTERNATIONAL, INC., and DOES 1 to 50, inclusive, | |
| Defendants. | Action Filed:     October 2, 2017 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Host International, Inc., ("Host") removes the action filed by Kelly Smith ("Plaintiff") in the Superior Court of the State of California, in and for the County of Fresno, and captioned Case No. 17CECG03397, to the United States District Court for the Eastern District of California.

<u>**JURISDICTION AND VENUE**</u>

1.      This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2.      This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a) and 1446(a).

<u>**THE ACTION & TIMELINESS OF REMOVAL**</u>

<u>**PROCEDURAL BACKGROUND**</u>

3.      On October 2, 2017, Plaintiff, purportedly on behalf of himself and all others similarly situated, filed a Class Action Complaint against Host in the Superior Court of the State of California, in and for the County of Fresno, Case No. 17CECG03397 (the "State Court Action").  Plaintiff filed the complaint as a putative class action.

4.      On October 6, 2017, Host was served with a copy of the Summons and Complaint.

5.      Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Host filed this removal within 30 days of its receipt of a copy of the Summons and Complaint in the State Court Action.

6.      Exhibit "A" constitutes all process, pleadings, and orders served on Host in the State Court Action.

7.      Host filed its Answer in the State Court Action on November 2, 2017.  A true and correct copy of Host's Answer is attached as Exhibit "B".

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**CAFA JURISDICTION**

2      8.      Basis of Original Jurisdiction.  This Court has original jurisdiction of this action

3   under CAFA.  28 U.S.C. § 1332(d)(2) and (4) provide that a district court shall have original

4   jurisdiction of a class action with one hundred (100) or more putative class members, in which the

5   matter in controversy, in the aggregate, exceeds the sum or value of $5 million.  Section

6   1332(d)(2) further provides that any member of the putative class must be a citizen of a state

7   different from any defendant.

8      9.      As set forth below, pursuant to 28 U.S.C. § 1441(a), Host may remove the State

9   Court Action to federal court under CAFA because: (i) the amount in controversy, in the

10   aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this action

11   is pled as a class action and involves more than one hundred (100) putative class plaintiffs; and

12   (iii) members of the putative class are citizens of a state different from Host.

13

**DIVERSITY OF CITIZENSHIP**

14      10.      Plaintiff's Citizenship.  As alleged in the Complaint, Plaintiff is a resident of the

15   County of Fresno, California.  (Complaint ¶ 13).  For diversity purposes, a person is a "citizen" of

16   the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088,

17   1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mutual Auto*

18   *Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the

19   State of California.

20      11.      Host International, Inc.'s Citizenship.  Host is a citizen of the states of Delaware

21   and Maryland.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of

22   any State by which it has been incorporated and of the State where it has its principal place of

23   business."   The United States Supreme Court has concluded that a corporation's "principal place

24   of business" is "where a corporation's officers direct, control, and coordinate the corporation's

25   activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  "[I]n

26   practice," a corporation's "nerve center" should "normally be the place where the corporation

27   maintains its headquarters." *Id.*  "The public often (though not always) considers it the

28   corporation's main place of business." *Id.* at 1193.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

12.     Host was, at the time the State Court Action was commenced in State Court, and still is, is a corporation formed in and incorporated under the laws of the State of Delaware. Pursuant to the *Hertz* nerve center test, Host has its principal place of business in Maryland. Host's headquarters are located at 6905 Rockledge Drive # 1, Bethesda, Maryland 20817-7826. In addition, the majority of Host's officers direct, control, and coordinate the corporation's activities from that same address – 6905 Rockledge Drive #1, Bethesda, Maryland 20817-7826.

13.     <u>Doe Defendants</u>.  Although Plaintiff has also named fictitious defendants "Does 1 to 50," 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  *See also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

14.     <u>Minimal Diversity</u>.  Minimal diversity of citizenship is established, pursuant to CAFA, inasmuch as Plaintiff (who is a member of the putative class) is a citizen of the State of California, and Host is a citizen of Delaware and Maryland.

15.     <u>Size of the Class</u>.  Plaintiff filed the State Court Action as a class action.  While Plaintiff does not allege a specific class size, the relevant period for various claims made by Plaintiff is four years prior to the filing of the State Court Action.  Four years prior to Plaintiff's filing of the Complaint is October 2, 2013.  Between October 2, 2013 and Plaintiff's filing of his Complaint, Host employed approximately 891 individuals in California as current and former non-exempt employees whose working conditions are not/were not controlled by a collective bargaining agreement (the putative class definition provided in the Complaint). (Complaint ¶ 26.)  Therefore, per the allegations of the Complaint, the class size is 891 individuals.

## **AMOUNT IN CONTROVERSY UNDER CAFA**

16.     Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate.  *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

17.     This action involves Plaintiff's alleged claims against Host for: failure to provide rest periods, failure to provide meal periods, failure to comply with itemized employee wage statement provisions, failure to pay all wages due at the time of termination of employment in violation of the Labor Code, and unfair competition.  Plaintiff's prayer for relief seeks an award of compensatory damages, restitution to the class, penalties under the Labor Code, including Labor Code § 558, waiting time penalties under Labor Code § 203, interest on all damages accrued to date, attorneys' fees and costs, and such other and further relief as the Court may deem just and proper.  (See Complaint, prayer for relief.)

18.     <u>Amount in Controversy</u>.  Without conceding that Plaintiff or the purported class members are entitled to or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, is well in excess of $5,000,000, exclusive of interest and costs.

a.   <u>Variables</u>.

- During the period of October 2, 2013 to the present, applicable to Plaintiff's meal and rest period claims, Host employed approximately 891 individuals in California as non-exempt employees whose working conditions were not controlled by a collective bargaining agreement. These 891 individuals worked a total of 63,812 workweeks between October 2, 2013 and the present. The average hourly rate of pay among this group is approximately $14.31.

- During the period of October 2, 2014 to the present, applicable to Plaintiff's waiting time penalties claim, approximately 465 putative class members separated from employment with Host.  The average hourly rate of pay among this group is approximately $13.93.

- During the period of October 2, 2016 to the present, applicable to Plaintiff's wage statement and Labor Code § 558 claims, Host employed approximately 519 putative class members.

b.   <u>Claim #1: Failure to Provide Rest Periods</u>.  Plaintiff alleges that Defendants maintained and enforced "systemic policies, practices, and/or customs," that

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"Defendants' policies, procedures and practices deny Plaintiff and members of the putative class the right to [] rest breaks," and that "Defendants' policy and practice is to not pay Plaintiff and members of the Class any premium for non-compliant or missed [] rest breaks."  (Complaint ¶¶ 2, 19-20.)  Although Host denies all liability, assuming conservatively, for purposes of this analysis only, that each putative class member working in California at any given time during the relevant period was deprived of two rest periods per every 5 days worked, the amount in controversy for this claim would be approximately **$1,826,312** (calculated as: the sum of average hourly rate of pay x 1 hour of regular compensation as a premium for each non-compliant rest period x 2 violations per week x total number of weeks worked by the putative class in between October 2, 2013 and the present).[1]

   c. <u>Claim #2: Failure to Provide Meal Periods</u>.  Plaintiff alleges that Defendants maintained and enforced "systemic policies, practices, and/or customs," that "Defendants' policies, procedures and practices deny Plaintiff and members of the putative class the right to meal [] breaks," and that "Defendants' policy and practice is to not pay Plaintiff and members of the Class any premium for non-compliant or missed meal [] breaks." (Complaint ¶¶ 2, 19-20.)   Plaintiff further alleges that Plaintiff and the putative class members "routinely" worked shifts in excess of five hours without being completely relieved for meal periods before the end of the fifth hour of work. (Complaint ¶¶ 21-22.)  Although Host denies all liability, assuming conservatively, for purposes of this analysis only, that each putative class member working in California at any given time during the relevant period was deprived of two meal periods per every 5 days worked, the amount in controversy for this claim would be approximately **$1,826,312** (calculated as: the sum of (average hourly rate of pay x 1 hour of regular compensation as a premium

---

[1] Based on the above variables and formula, calculated as: $14.31 x 1 x 2 x 63,812.

for each non-compliant meal period x 2 violations per week x total number of weeks worked by the putative class in between October 2, 2013 and the present).[2]

  d. <u>Claim #3: Failure to Comply with Itemized Employee Wage Statement Provisions</u>. Plaintiff alleges that "[a]t all time relevant, each Defendant violated *Labor Code* § 226(a) by falsely or failing to provide accurate, itemized wage statements…" (Complaint ¶ 44.)  Plaintiff further alleges that "Defendants failed to accurately record the wages due to Plaintiff and members of the proposed class, specifically including, but not limited to, by failing to record premium wages for Defendants' failure to provide proper rest and meal breaks and improperly listing total hours worked." (Complaint ¶ 46.)  Plaintiff, on behalf of himself and the putative class, seeks the greater of all actual damages or statutory penalties not exceeding an aggregate penalty of four thousand dollars ($4,000).  (Complaint ¶ 45.)  California Labor Code Section 226(a) provides a maximum aggregate penalty of $4,000 per affected employee.  Because the Complaint specifies a statutory maximum, the Court may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met. See *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, based on Plaintiff's allegations, assuming for this analysis only that Defendant failed to provide putative class members complete and accurate wage statements, and that each putative class member recovers the maximum statutory penalty, the amount in controversy is approximately **$2,076,000** (calculated as: 519 employees working at any given time between October 2, 2016 and the present x $4,000).

  e. <u>Claim #4: Failure to Timely Pay Wages Upon Separation</u>.  For purposes of this claim, Plaintiff defines a subclass of "[a]ll Class members whose employment with Defendants has terminated during the Class Period."  (Complaint ¶ 26.)  Plaintiff alleges that "[m]ore than 30 days have passed since Plaintiff and Subclass members terminated from their employment with Defendants" and that

---

[2] Based on the variables and formula, calculated as: $14.31 x 1 x 2 x 63,812.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"Defendants have not paid Plaintiff and each Subclass member whose employment has ended all wages owed." (Complaint ¶ 52.)  California Labor Code Section 203 provides that a former employee shall receive regular daily wages for each day they were not paid, at their hourly rate, for up to thirty days.  Approximately 465 members of the proposed subclass separated from employment during the three-year statutory period.  Using the average hourly rate of pay for each of these 465 class members, and conservatively assuming that the class members work only 8 hours per day, the amount in controversy for this claim would be approximately **$1,554,561** (465 separated employees x 8 hours x average hourly rate of pay x 30 days).

f.  <u>Claims for Labor Code § 558 Penalties</u>.  In addition to the claims discussed above, Plaintiff seeks penalties pursuant to Labor Code § 558. (Complaint, prayer for relief.)  Labor Code § 558 states that any employer or other person acting on behalf of an employer who violates  any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1)  $50 for initial violation, (2) $100 for each subsequent violation.  Assuming for purposes of this analysis only that, based on Plaintiff's meal and rest period allegations, that each putative class member employed between October 2, 2016 and the present was underpaid each pay period, the amount in controversy for this claim would be approximately **$905,050** (calculated as: [$50 x total number of initial pay periods worked by employees in between October 2, 2016 and the present] x [$100 x total number of subsequent pay periods worked by employees  in between October 2, 2016 and the present]).

g.  <u>Total Amount in Controversy</u>.  Based on the claims described above, the class-wide amount in controversy, conservatively estimated, is at least **$8,188,235**.  "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee*

- 8 -

*Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014).  A summary of the amount in controversy discussed above is as follows:

| Claim | Amount in Controversy |
|---|---|
| Failure to Provide Rest Periods | **$1,826,312** |
| Failure to Provide Meal Periods | **$1,826,312** |
| Failure to Comply With Itemized Wage Statement Provisions | **$2,076,000** |
| Failure to Timely Pay All Wages Upon Separation | **$1,554,561** |
| Labor Code § 558 Penalties | **$905,050** |
| **TOTAL:** | **$8,188,235** |

19.     Even assuming a more conservative estimate of one meal period violation and one rest period violation per every 5 days worked, the amount in controversy is still approximately **$6,361,923**.

20.     The above amounts exceed the $5 million CAFA minimum before taking into account attorneys' fees, which as discussed below, are further evidence that the amount in controversy exceeds $5,000,000, as already established above.

**ATTORNEYS' FEES**

21.     When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Plaintiff has sought attorneys' fees in the Complaint which are permitted by Cal. Labor Code §§ 1194 and 1021.5 for the Labor Code violations alleged in the Complaint.  They should therefore be included in analyzing the amount in controversy, if needed.  Conservatively, we do not include them in the above calculations.  With attorneys' fees, however, the amount in controversy is in excess of $9,000,000.

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

<u>**NOTICE**</u>

2      22.      As required by 28 U.S.C. § 1446(d), Host is providing written notice of the filing

3  of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the

4  Clerk of the Superior Court of the State of California, in and for the County of Fresno.

5

6  Dated:  November 3, 2017                    Respectfully submitted,

7

8                                              BAKER & HOSTETLER LLP

9                                              By:    */s/ Vartan S. Madoyan*

10                                                    Margaret Rosenthal
                                                      Shareef Farag

11                                                    Vartan S. Madoyan
                                                      Nicholas D. Poper

12                                             Attorneys for

13                                             HOST INTERNATIONAL, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff,
Kelly Smith

E-FILED

10/2/2017 9:26 AM

FRESNO COUNTY SUPERIOR COURT

By: C Prendergast, Deputy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF FRESNO

| | |
|---|---|
| KELLY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOST INTERNATIONAL, INC. and DOES 1 to 50, inclusive,<br><br>Defendants. | CASE NO.:   17CECG03397<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND** |

`Plaintiff Kelly Smith (hereinafter "Plaintiff"), hereby submits this Class Action Complaint against Defendant Host International, Inc.., and other as yet unknown entities (hereinafter collectively referred to as "Defendants" or "Host International") on behalf of himself and a class of all other similarly situated current and former employees of Host International for wages owed, including meal period wages, meal and rest period premiums, as well as waiting time penalties, and penalties or damages for failure to keep accurate records, other penalties under the California Labor Code, and for restitution and injunctive relief as follows:

**EXHIBIT A - Page 1**

## INTRODUCTION

1.      Plaintiff brings this wage and hour Class Action against Defendants, and each of them, pursuant to Code of Civil Procedure §382.  Plaintiff brings this action on behalf of himself and for the benefit of all other persons employed directly by Defendants, and each of them, in the position of Non-Exempt employee, including but not limited to "Stand Operator" covered by Wage Order 5 who were not paid wages pursuant to California law prior and subsequent to the date this action was filed.  All allegations in this wage and hour Class Action Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and their counsel.  Plaintiff's information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and his counsel.  Each allegation in this wage and hour Class Action Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

2.      On information and belief, for at least four years prior to the filing of this action and through to the present, Defendants jointly employed Plaintiff and the putative class members in Fresno County, and other counties in the State of California, and maintained and enforced against Plaintiff and the putative class members the systemic policies, practices, and/or customs complained of herein.  Plaintiff seeks relief on behalf of himself, and the members of the Plaintiff Class, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards Enforcement, and which have resulted in the failure of Defendants to pay Plaintiff and members of the Class and Subclass all wages owed to them.  Said employment policies, practices and procedures are generally described as follows:

a.      Defendants failed to provide Plaintiff and class members with rest periods and/or failed to properly compensate Plaintiff and members of the proposed

class for such malfeasance in providing proper rest periods, as required by Labor Code § 226.7 and Wage Order 5;

b.    Defendants failed to provide Plaintiff and class members with duty-free meal periods of at least thirty minutes and/or failed to properly compensate Plaintiff and members of the proposed class for such malfeasance in providing proper meal periods, as required by Labor Code §§ 226.7 and 512 and Wage Order 5;

c.    Defendants failed to issue accurate itemized wage statements to their non-exempt employees, including Plaintiff and the class members, in violation of, inter alia, Labor Code §226 and Wage Order 5;

d.    Defendants failed to pay Plaintiff and members of the Terminated Subclass all wages due upon termination of their employment, in violation of Labor Code §§ 201-203;

e.    Violating Business and Professions Code §§ 17200 et seq. as further set forth below.

3.    Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and members of the Class, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and the members of the Class to timely payment of their wages.

4.    This action seeks relief for the un-remediated violations of California law including, inter alia:

a.    Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of the wages due them and interest thereon;

b.    Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of meal and rest period wages, including premium wages;

c.    Damages and/or penalties for Plaintiff and Class Members who were not issued accurate itemized wage statements in conformity with California law.

d.   Damages and/or penalties for Plaintiff and Class Members who voluntarily quit, or were laid off and/or terminated, but who were not paid all wages due and owing in conformity with California law;

e.   Implementation of other equitable and injunctive relief, including, inter alia, an injunction prohibiting Defendants, and each of them, from continuing to:

i.    fail to pay all wages due in accordance with the Labor Code and Wage Order 5;

ii.   fail to authorize and permit mandated meal and rest periods or pay additional wages to their non-exempt production employees who did not receive the required meal and rest periods in accordance with the Labor Code and Wage Order 5;

iii.  fail to issue accurate itemized wage statements in accordance with the Labor Code and Wage Order 5; and,

iv.   fail to pay all compensation due to their non-exempt employees at the time of the termination of their employment in accordance with the Labor Code; and,

f.   Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, Labor Code §§ 226 and 1194, and Code of Civil Procedure § 1021.5; and such other relief as the Court deems just and proper.

5.   The claims herein are brought by Plaintiff on his own behalf and on behalf of the Class which is defined as individuals who are currently or have been employed in California by defendants as non-exempt employees during the Class Period (which commences four years prior to the filing of this action and continues until judgment is rendered herein), and whose working conditions are not controlled by a collective bargaining agreement.    Plaintiff also brings claims on behalf of the following Subclass: all Class members whose employment with Defendants has terminated during the Class Period.

6.   "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

1  Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period

2  as discovery in this matter proceeds.

3        7.     The actions of Defendants are in violation of the Labor Code as well as IWC

4  wage orders and, as a result, are unlawful and unfair acts, thus constituting a violation of

5  California Business & Professions Code section 17200, *et seq.* (Unfair Competition Law,

6  "UCL").

7        8.     The policies, practices and customs of Defendants described above and herein

8  have resulted in unjust enrichment of Defendants and an unfair business advantage over

9  businesses that routinely adhere to the strictures and requirements of the Labor Code and of

10  the UCL.

11  <u>**JURISDICTION AND VENUE**</u>

12        9.     This Court has jurisdiction over Plaintiff and Class members' claims for unpaid

13  wages, denied meal and rest breaks, failure to provide accurate wage statements, and failure

14  to pay all earned wages upon termination pursuant to the Labor Code, including, but not

15  limited to, sections 200, 201, 202, 203, 218, 226, 226.7, 500, 510 512, 1194, 1197 and the

16  IWC wage orders.

17       10.    This Court has jurisdiction over Plaintiff and Class members' claims for

18  injunctive relief, including restitution of earned wages, which are the money and property of

19  Plaintiff and Class members, arising from Defendants' unfair competition under UCL

20  sections 17203 and 17204.

21       11.    This Court also has jurisdiction over Plaintiff and Class members' claims for

22  penalties in violation of the Labor Code pursuant to UCL section 17202, as well as pursuant

23  to the applicable Labor Code provisions.

24       12.    Venue as to all Defendants is proper in this County pursuant to Code of Civil

25  Procedure section 395(a). Plaintiff is informed and believes, and thereon alleges that Host

26  International conducts business, employs Class members, and has locations in this County,

27  and the events complained of occurred in this County.

28  ///

## THE PARTIES

13.    Plaintiff Kelly Smith has been employed by Defendants as a Stand Operator during the Class Period, including within the last year.  Plaintiff Smith is a resident of the County of Fresno, California.  Plaintiff Smith is a member of the Class and Subclass.

14.    Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, Defendant Host International, Inc. was and/or is a corporation, organized and existing pursuant to the laws of the state of California, which conducted and/or conducts its business in the State of California.  Defendants were at all relevant times doing business throughout the State of California, have various offices and locations in the State, and serve numerous customers throughout the State.

15.    Host International is a "person" as defined in Labor Code section 18 and UCL section 17201.  Host International is also an "employer" as that term is used in the Labor Code and the IWC wage orders.

16.    The identities of Defendants designated as DOES 1-50 are currently not known.  However, Plaintiff is informed, and believes, and thereon alleges that each of the named and fictitiously named defendants is an "employer" of Plaintiff and the Class by legal recognition under such principles as "joint enterprise", "alter ego", "co-employer" or some other legally recognized principle.  Each of the defendants, whether specifically named and fictitiously names, exercises sufficient control over the terms of employment to be legally recognized as an "employer" of Plaintiff and the Class for purposes of California's wage and hour laws and regulations.

17.    The members of the Class, including the named, representative Plaintiff, have been employed as non-exempt employees during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced by Defendants throughout the State of California.

18.    Defendants directly, and indirectly, hired Plaintiff in Fresno County.  During all times relevant to this litigation, Plaintiff performed work at various times during the Class Period at agreed upon hourly rates that varied over his period of employment.

## FACTUAL ALLEGATIONS

19.     Defendants' policies, procedures and practices deny Plaintiff and members of the putative class the right to meal and rest breaks, as prescribed under California Law. Rather, Defendants maintain control over the activities and actions of members of the Class during mandated meal and rest breaks, as evidenced by payroll and timekeeping records. These records show conclusively that Plaintiff and Class members are not provided with meal breaks, in violation of California Law.  Defendants similarly deny rest breaks to non-exempt employees.

20.     As a result, Plaintiff and members of the Class are not relieved of all duties during their meal and rest periods as is required by law.  Defendants' policy and practice is to not pay Plaintiff and members of the Class any premium for non-compliant or missed meal and rest breaks. In fact, Defendant was very adamant that Plaintiff be productive and pressured Plaintiff to work during meal and rest breaks.

21.     During Smith's employment with Host International, he would routinely work shifts in excess of five hours without being completely relieved of duty for at least thirty minutes for a meal period before the end of the fifth hour of work. Host International also failed to maintain meal period policies that provide for meal periods in the manner or number required by Wage Order, failed to communicate to Smith his rights to meal periods, either orally or in writing, failed to schedule him for meal periods, failed to maintain time records showing meal period start or stop times, and failed to pay him premium wages when meal periods were not provided.

22.     Smith is informed and believes and thereon alleges that, at all relevant times, Defendant has engaged in the same or similar acts or omissions toward other employees, and specifically those in "Stand Operator" or similar non-exempt positions. As a result, Host International has violated the rights of Smith and other employees under Labor Code §§ 226.7 and 1198, and Section 12 of the Wage Order

23.     Defendants further fail to provide members of the Class with accurate wage statements reflecting the wages and penalties to which they are entitled, and which further do

1  not permit members of the Class to readily determine if the wages they receive are accurate
2  and complete.

3      24.    Because Defendants fail to pay members of the Class additional wages for
4  missed meal and rest breaks, Defendants fail to pay all earned wages at the time members of
5  the Subclass ended their employment relationship with Defendants.

6      25.    Defendants' unlawful conduct has been widespread, repeated and willful
7  throughout its facilities in California. Defendants knew or should have known that its
8  policies and practices have been unlawful and unfair.

9                        **CLASS ACTION ALLEGATIONS**

10     26.    Plaintiff brings this action as a class action pursuant to California Code of Civil
11 Procedure ("CCP") section 382, on behalf of the following defined Class and Subclass:

12           All individuals who are currently or have been employed in
13           California by defendants as non-exempt employees during the
14           Class Period, and whose working conditions are not controlled by
15           a collective bargaining agreement.

16     Subclass:

17           All Class members whose employment with Defendants has
18           terminated during the Class Period.

19     27.    As used throughout this Complaint, the term "Class Period" shall mean the
20 period from four years prior to the date this Complaint was filed, through and including the
21 date judgment is rendered in this matter.

22     28.    Numerosity: Plaintiff is informed and believes, and on that basis alleges, that
23 during the Class Period, there have been over one hundred Class members. As a result, the
24 members of the Class are so numerous that joinder of all members is impossible and/or
25 impracticable.

26     29.    Commonality: Common questions of law and fact exist as to all members of the
27 Class and predominate over any questions affecting solely individual members of the Class.

28

Among the questions of law and fact, that are relevant to the adjudication of Class members' claims are the following:

a.    Whether Defendants fail to provide Plaintiff and members of the Class with timely, duty-free 30 minute meal periods in violation of the Labor Code;

b.    Whether Defendants' failure to provide Plaintiff and members of the Class with off-duty meal periods is an unlawful, unfair or fraudulent business act or practice in violation of UCL section 17200, et seq.;

c.    Whether Defendants fail to provide Plaintiff and members of the Class with timely, duty-free rest periods in violation of the Labor Code;

d.    Whether Defendants' failure to  provide Plaintiff and members of the Class with off-duty rest periods is an unlawful, unfair or fraudulent business act or practice in violation of UCL section 17200, et seq.;

e.    Whether Defendants unlawfully and/or willfully deprived Plaintiff and members of the Class of meal and rest breaks and/or pay/premiums for missed meal and rest breaks pursuant to Labor Code sections 200, 226.7, 512, and 8 CCR section 11090;

f.    Whether Defendants' failed to provide Plaintiff and members of the Class with accurate wage statements in violation of Labor Code section 226, and applicable Industrial Welfare Commission Orders, and applicable State Regulations;

g.    Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to members of the Subclass upon termination of their employment in violation of Labor Code sections 201-203;

h.    Whether Plaintiff and members of the Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,

i.    Whether Defendants violated the Unfair Competition Law of California, Business and Professions Code sections 17200, *et seq.*, by violating the above-cited provisions, and treating Plaintiff and members of the Class unfairly by depriving them of meal and rest breaks and failing to provide and pay for missed breaks, failing to pay wages upon termination, failing to furnish an <u>accurate</u>, itemized wage statement upon payment of wages and failing to pay all compensation due upon discharge.

30.    <u>Typicality</u>: Plaintiff's claims are typical of the members of the Class. Plaintiff, like other members of the Class, was subjected to Defendants' policies and/or practices set forth above.

31.    <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation.

32.    <u>Superiority</u>: Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. In addition, a class action will serve the important public interest of permitting Class members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

33.    Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION

### REST PERIODS
(Labor Code §§226.7, 558 & 1198, and Wage Order 5)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

1    34.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

2    35.    Wage Order 5, at section 12(A) provides, in pertinent part: "Every employer

3  shall authorize and permit all employees to take rest periods, which insofar as practicable

4  shall be in the middle of each work period. The authorized rest period time shall be based on

5  the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or

6  major fraction thereof [ ... ] Authorized rest period time shall be counted as hours worked for

7  which there shall be no deduction from wages."

8    36.    *Labor Code* § 226.7, requires that Defendants provide Plaintiff and each class

9  member all rest periods specified in the applicable Wage Orders and provides that Plaintiff

10  and each class member is entitled to be paid one additional hour of pay per day at their

11  regular rate of compensation as additional wages for the denied rest periods.

12    37.    Plaintiff and each class member suffered a loss equal to his/her applicable

13  hourly wage rate times the total number of times he/she was not authorized and permitted to

14  take the legally-required rest periods and has therefore not been paid all of the wages due.

15  Accordingly, Plaintiff and each class member are entitled to recover the unpaid wages in an

16  amount to be proven at trial.

## SECOND CAUSE OF ACTION

### MEAL PERIODS
(Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order 5)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

20    38.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21    39.    Defendants violated the applicable statues, as well as Wage Order 5. Wage

22  Order 5 provides, in pertinent part: "No employer shall employ any person for a work period

23  of more than five (5) hours without a meal period of not less than 30 minutes, except that

24  when a work period of not more than six (6) hours will complete the day's work the meal

25  period may be waived by mutual consent of the employer and the employee." *Labor Code* §

26  512 contains parallel language.

27    40.    Plaintiff alleges that he and members of the proposed class were not relieved of

28  all duty for an entire 30 minutes, due to policies and practices required by their employers.

Rather, during their meal period, workers routinely received less than thirty minutes of duty-free time.

41.    *Labor Code* § 226.7 requires that Defendants provide Plaintiff and each class member all meal periods specified in the applicable Wage Order and that Plaintiff and each class member was to be paid one additional hour of pay per day at his/her regular rate of compensation as additional wages for meal periods that were not properly provided.

42.    Plaintiff and each class member have suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required meal periods and have therefore not been paid all of the wages due. Accordingly, Plaintiff and each class member are entitled to recover the unpaid wages in an amount to be proven at trial.

## **THREE CAUSE OF ACTION**

ITEMIZED WAGE STATEMENT (CHECK STUBS) PENALTIES
( LABOR CODE §§226 and 558)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

43.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

44.    At all times relevant, each Defendant violated *Labor Code* § 226(a) by falsely or failing to provide accurate, itemized wage statements, because the statements failed to accurately report one or more of the following:

      a. all employers' names and addresses;

      b. total hours worked;

      c.  applicable rates of pay;

      d.  the number of piece rate units;

      e.  the applicable piece rate;

      f.  the rate of pay and total hours for each assignment; and,

      g.  gross and net wages earned.

45. Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each class member are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiff and each class member are further entitled to an award of costs and reasonable attorney's fees.

46. Defendants failed to accurately record the wages due to Plaintiff and members of the proposed class, specifically including, but not limited to, by failing to record premium wages for Defendants' failure to provide proper rest and meal breaks and improperly listing total hours worked.

47. Plaintiff and members of the Plaintiff Class were injured by Defendants' failure to provide accurate wage statements because, among other things, they were unable to determine the proper amount of wages actually owed to them, and whether they had received full compensation therefore.

48. Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## FOURTH CAUSE OF ACTION

WAITING TIME PENALTIES
(CALIFORNIA LABOR CODE §§ 201-203 and 558)
*Plaintiff Individually and on Behalf of the Subclass Against Defendants*

49. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

50. *Labor Code* §§ 201 and 202 require that Defendants pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue

to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

51. Plaintiff and the class members are entitled to compensation for all wages earned, including without limitation, the premium wages for rest and meal periods not provided, but to date have not received such compensation.

52. More than 30 days have passed since Plaintiff and Subclass members terminated from their employment with Defendants. Defendants have not paid Plaintiff and each Subclass member whose employment has ended all wages owed. As a consequence of Defendants' willful conduct in not paying Plaintiff and each Subclass member all earned wages at the time their employment with Defendants ended, Plaintiff and each Subclass member is entitled to 30 days' wages as a penalty under *Labor Code* § 203.

## FIFTH CAUSE OF ACTION

### RESTITUTION
(Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

53. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54. Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

55. Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the proposed class have suffered and continue to suffer injury in fact and deprivation of wages and monies as a result of Defendants' actions.

56. The actions of Defendants, as herein alleged, amount to conduct which is unlawful and a violation of law. As such, said conduct constitutes unfair business practices, in violation of *Business and Professions Code* §§ 17200 et. seq.

57. Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by failing to provide proper wage statements. Defendants' actions are

1 | thus substantially injurious to Plaintiff and the members of the Class, causing them injury in

2 | fact and loss of money.

3 |     58.    As a result of such conduct, Defendants have unlawfully and unfairly obtained

4 | monies owed to Plaintiff and the members of the Plaintiff Class.

5 |     59.    All members of the Class can be identified by reference to payroll and related

6 | records in the possession of the Defendants. The amount of wages due to Plaintiff and

7 | members of the Class can be readily determined from Defendants' records. The members of

8 | the proposed class are entitled to restitution of monies due and obtained by Defendants during

9 | the Class Period as a result of Defendants' unlawful and unfair conduct.

10 |     60.    During the Class Period, Defendants committed, and continue to commit acts of

11 | unfair competition as defined by Sections 17200 et. seq. of the *Business and Professions*

12 | *Code,* by and among other things, engaging in the acts and practices described above.

13 |     61.    Defendants' course of conduct, acts, and practices in violation of the California

14 | laws, as mentioned in each paragraph above, constitute distinct, separate and independent

15 | violations of Sections 17200 et seq. of the *Business and Professions Code.*

16 |     62.    The harm to Plaintiff and the members of the Class of being wrongfully denied

17 | lawfully earned but unpaid wages outweighs the utility, if any, of Defendants' policies and

18 | practices and, therefore, Defendants' actions described herein constitute an unfair business

19 | practice or act within the meaning of *Business and Professions Code* §§ 17200, et seq.

20 |     63.    Defendants' conduct described herein threatens an incipient violation of

21 | California's wage and hour laws, and/or violates the policy or spirit of such laws, or

22 | otherwise significantly threatens or harms competition.

23 |     64.    Defendants' course of conduct described herein further violates *Business and*

24 | *Professions Code* §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

25 |     65.    The unlawful, unfair, and fraudulent business practices and acts of Defendants

26 | as described herein above have injured Plaintiff and members of the Class in that they were

27 | wrongfully denied the timely and full payment of wages owed to them.

28 |     66.    Defendants have been unjustly enriched as a direct result of their unlawful

business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage if allowed to retain the unpaid wages.

### ATTORNEY'S FEES AND COSTS

67.    Plaintiff is entitled to fees and costs, pursuant to California law, including, without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further, enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of wages due employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the public.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class pray for judgment as follows:

a)    An order that the action be certified as a class action;

b)    An order that Plaintiff be appointed class representatives;

c)    An order that counsel for Plaintiff be appointed class counsel;

d)    For nominal damages;

e)    For compensatory damages;

f)    For restitution of all monies due to Plaintiff and members of the Class, and disgorged profits from the unlawful business practice of Defendants;

g)    For penalties pursuant to Labor Code §§ 206, 210, 226, 226(e), 226.3, 226.7, 512, 558, and 1194;

h)    For waiting time penalties pursuant to Labor Code § 203;

i)    For interest accrued to date;

j)    For costs of suit and expenses pursuant to Labor Code §§ 226 and 1194;

k)    For reasonable attorneys' fees pursuant to Labor Code §§ 226, and 1194; and,

l)    For all such other and further relief that the Court may deem just and proper.

///
///
///

1

## <u>DEMAND FOR JURY TRIAL</u>

2    Plaintiff, on behalf of himself and all others similarly situated, demand a trial by jury

3  for himself and all Class members on all claims so triable.

4

5  Dated: September 15, 2017              By: _____

6

7                                        Law Offices of Todd M. Friedman, P.C.
                                         Todd M. Friedman, Esq.
8                                        Adrian R. Bacon, Esq.
                                         Attorneys for Plaintiffs and the
9                                        Proposed Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOST INTERNATIONAL, INC. and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KELLY SMITH, individually and on behalf of all others similarly situated

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**E-FILED**

**10/5/2017**

FRESNO COUNTY SUPERIOR COURT
By: C Prendergast, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  B. F. Sisk Courthouse

1130 O Street
Fresno, CA 93721

</td><td>

**CASE NUMBER:**
*(Número de Caso):*

17CECG03397

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

<table>
<tr><td>

DATE:
*(Fecha)* 10/5/2017

</td><td>

Clerk, by
*(Secretario)* C Prendergast

</td><td>

, Deputy
*(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HOST INTERNATIONAL, INC.

   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, | **E-FILED**<br>10/2/2017 9:26 AM<br>FRESNO COUNTY SUPERIOR COURT<br>By: C Prendergast, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno 93721
BRANCH NAME: B. F. Fisk Courthouse

CASE NAME:
Kelly Smith v. Host International

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 17CECG03397 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 15, 2017
Todd M. Friedman
_____          ▶          _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**EXHIBIT A - Page 20**

# EXHIBIT B

1  Margaret Rosenthal, SBN 147501
   Shareef Farag, SBN 251650
2  Vartan S. Madoyan, SBN 279015
   Nicholas D. Poper, SBN 293900
3  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
4  Los Angeles, CA  90025-0509
   Telephone:    310.820.8800
5  Facsimile:    310.820.8859
   Email:    mrosenthal@bakerlaw.com
6           sfarag@bakerlaw.com
            vmadoyan@bakerlaw.com
7           npoper@bakerlaw.com

8  Attorneys for HOST INTERNATIONAL, INC.

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF FRESNO**

11  KELLY SMITH, individually, and on behalf    Case No.: 17CECG03397
    of others similarly situated,
12
                                                **ANSWER TO PLAINTIFF'S UNVERIFIED**
13              Plaintiff,                       **CLASS ACTION COMPLAINT**

14        v.

15  HOST INTERNATIONAL, INC., and DOES
    1 to 50, inclusive,
16
                Defendants.                      Action Filed:    October 2, 2017
17

18

19        Host International, Inc., ("Defendant") hereby answers the unverified class action

20  complaint ("Complaint") of Kelly Smith ("Plaintiff") as follows:

21                        **GENERAL DENIAL**

22        By virtue of the provisions of Section 431.30(d) of the California Code of Civil

23  Procedure, Defendant denies each and every allegation contained in the Complaint and further

24  denies that Plaintiff and/or any putative class members have been damaged or injured in the

25  amount or manner alleged, or at all.  Defendant also denies that it is liable to Plaintiff and/or any

26  putative class member in any amount or manner whatsoever.

27  ///

28  ///

**EXHIBIT B - Page 1**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**AFFIRMATIVE DEFENSES**

Defendant asserts and alleges each of the following affirmative defenses set forth below.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      The purported causes of action in the Complaint fail to include facts sufficient to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Not a Proper Class Action)**

2.      Any recovery on the class allegations of the Complaint is barred because Plaintiff has failed to identify a proper and ascertainable class of plaintiffs.  Additionally, Plaintiff is not an adequate representative of any putative class of plaintiffs; his claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; and/or a class action is neither manageable nor superior.

**THIRD AFFIRMATIVE DEFENSE**

**(Release)**

3.      The purported causes of action in the Complaint are barred, in whole or in part, to the extent they have been released by Plaintiff and/or the putative class members.  Specifically, all claims asserted in the Complaint that arose before March 19, 2014 are barred as a result of Defendant's global settlement of ten separate class action lawsuits, which was preliminarily approved on March 19, 2014.

**FOURTH AFFIRMATIVE DEFENSE**

**(Consent)**

4.      The purported causes of action in the Complaint are barred, in whole or in part, because Plaintiff and/or the putative class members consented to the alleged improper conduct.

///

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT
Case No.: 17CECG03397

**EXHIBIT B - Page 2**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**FIFTH AFFIRMATIVE DEFENSE**

**(Offset)**

5.     Defendant is entitled to setoff against any amount awarded to Plaintiff and/or the putative class members in this action for: (1) all overpayments of compensation, if any, to Plaintiff and/or the putative class members; (2) other sums that Plaintiff and/or the putative class members received during the course of their respective employment with Defendant to which they were not entitled, if any; and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiff and/or the putative class members.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

6.     The purported causes of action alleged in the Complaint are barred, in whole or in part, by the applicable limitations periods provided by law, including, but not limited to, those set forth in California Code of Civil Procedure §§ 338 and/or 340 and in California Business and Professions Code § 17208.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

7.     The purported causes of action alleged in the Complaint are barred, in whole or in part, by the equitable doctrine of laches inasmuch as Plaintiff has inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

8.     Although Defendant denies that Plaintiff and/or the putative class members are entitled to any recovery under the Third of Action in the Complaint and/or under Labor Code § 558, to the extent recovery is awarded, Plaintiff and/or the putative class members are limited to statutory penalties of $50 per violation.

///

///

///

- 3 -

1

**NINTH AFFIRMATIVE DEFENSE**

2

**(Waiver and Estoppel As to All Causes of Action)**

3          9.      Plaintiff, by his own actions, has waived, in whole or in part, each purported cause

4    of action alleged in the Complaint and is now estopped from bringing such causes of action.

5

**TENTH AFFIRMATIVE DEFENSE**

6

**(Waiver of Meal Periods and Rest Periods)**

7          10.     The meal and rest period claims in the Complaint are barred, in whole or in part, to

8    the extent that Defendant provided meal and/or rest periods that Plaintiff and/or the putative class

9    members chose not to take.

10

**ELEVENTH AFFIRMATIVE DEFENSE**

11

**(Doctrine of Avoidable Consequences)**

12         11.     Any potential recovery by Plaintiff and/or the putative class members is barred or,

13   at a minimum, limited by the doctrine of avoidable consequences.

14

**TWELFTH AFFIRMATIVE DEFENSE**

15

**(No Violation)**

16         12.     The purported cause of action alleged in the Complaint for violations of Labor

17   Code § 226 is barred, in whole or in part, because the wage statements Plaintiff and/or the

18   putative class members received included sufficient information to calculate the number of total

19   hours worked, the number of overtime hours worked, and the applicable rates of pay, using

20   simple arithmetic.  In addition, Plaintiff and/or the putative class members received legally

21   compliant wage statements that accurately identified the name and address of the employees'

22   legal employer, which is Host International, Inc.

23

**THIRTEENTH AFFIRMATIVE DEFENSE**

24

**(De Minimis)**

25         13.     The claims of Plaintiff and/or the putative class members fail in whole or in part

26   under the *de minimis* doctrine.  In addition, the damages (if any) associated with such claims are

27   too speculative to be permitted.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Due Process)

3        14.    Plaintiff and/or the putative class members are precluded from recovering

4  penalties from Defendant to the extent such remedies would violate Defendant's due process

5  under the California and United States Constitutions.

6

## FIFTEENTH AFFIRMATIVE DEFENSE

7

### (Good Faith Dispute)

8        15.    The purported Fourth Cause of Action in the Complaint, and any claims derivative

9  of the Fourth Cause of Action, are barred because at all relevant times in this matter Defendant

10  had a good-faith belief that it had fully and properly paid Plaintiff and/or the putative class

11  members all wages legally owed and therefore disputes any allegation that wages are owed and

12  unpaid.

13

## SIXTEENTH AFFIRMATIVE DEFENSE

14

### (Duplicative Recovery)

15        16.    Recovery of penalties under the Third and Fourth Causes of Action in the

16  Complaint and/or under Labor Code § 558 are barred, in whole or in part, to the extent they are

17  derivative of other allegations contained in the Complaint and would lead to impermissible,

18  duplicative recovery.

19

## SEVENTEENTH AFFIRMATIVE DEFENSE

20

### (Reservation of Future Defenses)

21        17.    Defendant reserves the right to amend this pleading to include further affirmative

22  defenses.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

1    WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

2    (a)    For an Order dismissing Plaintiff's claims with prejudice, and entering judgment

3    in favor of Defendant;

4    (b)    For all reasonable costs and attorneys' fees incurred by Defendant in connection

5    with the defense of this matter as available under the law; and

6    (c)    For such other relief as the Court deems just and proper.

7

8    Dated:  November 2, 2017                        Respectfully submitted,

9

10                                                   BAKER & HOSTETLER LLP

11

12   By:  _____
                                                     Margaret Rosenthal
13                                                   Shareef Farag
                                                     Vartan S. Madoyan
14                                                   Nicolas D. Poper

15                                                   *Attorneys for*
                                                     HOST INTERNATIONAL, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

**PROOF OF SERVICE**

I, Hien Tran, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120. On **November 2, 2017**, I served a copy of the within document(s):

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐ by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Todd M. Friedman                           *Attorney for Plaintiff*
Adrian R. Bacon                            *KELLY SMITH*
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street., Suite 780
Woodland Hills, CA 91367
Telephone:     877.206.4741
Facsimile:     866.633.0228
*Emails:*      *tfriedman@toddflaw.com*
               *abacon@toddflaw.com*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 2, 2017** at Los Angeles, California.

_____
                                                Hien Tran

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I, Hien Tran, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120. On **November 3, 2017**, I served a copy of the within document(s): **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐ by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Todd M. Friedman | *Attorney for Plaintiff* |
| Adrian R. Bacon | *KELLY SMITH* |
| **LAW OFFICES OF TODD M. FRIEDMAN, P.C.** | |
| 21550 Oxnard Street., Suite 780 | |
| Woodland Hills, CA 91367 | |
| Telephone:   877.206.4741 | |
| Facsimile:   866.633.0228 | |
| *Emails:*      *tfriedman@toddflaw.com* | |
| *abacon@toddflaw.com* | |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **November 3, 2017** at Los Angeles, California.

_____
Hien Tran

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES